SIMEON NICHOLS *vs.* EBEN N. PERRY.

*Attachment of mortgaged goods—notice to officer.*

Under Public Laws of 1859, c. 114, § 1, the mortgagee of personal property attached on a writ against the mortgager, could not commence an action against the attaching officer until forty-eight hours after he had given him a "written notice of his claim, and a statement of the amount actually due to him on the mortgage."

The fact that the officer knew there was such a mortgage on record, and took a bond of indemnity from the attaching creditor, would not excuse the mortgagee's omission to give the statute notice.

A written notice to an attaching officer that "there is now actually due me" from the mortgager "on note and account, exceeding nine hundred dollars," is a sufficient "statement of the amount."

The notice need not allege, in so many words, that the amount stated is "actually and justly due on the mortgage," if it appear from the whole notice.

ON EXCEPTIONS.

TRESPASS *de bonis asportatis* against the defendant as deputy-sheriff of the county of Cumberland, for attaching a stock of goods as the property of one Charles Nichols.

The plaintiff claimed the goods by virtue of a mortgage from Charles Nichols to him, dated April 13, 1868, and duly recorded the next day.

The attachment was made May 11, 1868, on a writ against Charles Nichols.

On the 16th May, 1868, the plaintiff gave to the defendant a written notice of the following tenor:

"SIR,—You are hereby informed that the provisions, groceries, and other goods in store occupied by Charles Nichols, on the corner of Clark and Salem streets, are mortgaged to me to secure the payment of nine hundred dollars,—that there is now actually due me from said Nichols, on note and account, exceeding nine hundred dollars, as at the time said mortgage was given. Understanding that you have attached said stock of goods (mortgaged to me) as

the property of said Charles Nichols, I hereby request you to either release said attachment forthwith, or take said goods, that I may seek a legal remedy for your act in attaching said property."

(Signature.)

It appeared that the defendant knew the plaintiff's mortgage was on record, and obtained from the attaching creditors a bond of indemnity.

The plaintiff testified that there was more than nine hundred dollars due him on the mortgage, given him by Charles Nichols, and that he received no verbal or written notice from the officer after the attachment.

The only question was as to the necessity of any, and the sufficiency of the notice given by the plaintiff to the defendant before commencing the action; and the presiding judge ruled *pro forma*.

1. That no notice to the officer was required before the commencing of the action; or if otherwise,

2. That the notice proved was sufficient.

To these rulings the defendant alleged exceptions.

*McCobb & Kingsbury*, for the defendant.

The conditions mentioned in Public Laws of 1859, c. 114, § 1, are precedent. *Wing* v. *Bishop*, 9 Gray, 223 ; *Moriarty* v. *Lovejoy*, 23 Pick. 321 ; *Johnson* v. *Sumner*, 1 Met. 172 ; *Haskell* v. *Gordan*, 3 Met. 268 ; *Harding* v. *Coburn*, 12 Met. 333 ; *Hills* v. *Farrington*, 3 Allen, 427. After notice by the officer, the statement is to be made in ten days; without such notice, in a reasonable time, the statement to the officer is not to be dispensed with at any rate.

The statement does not recite how much is due, so that the officer may pay or tender the amount,—a sum "exceeding $900" is too indefinite. A fixed sum and interest could be ascertained.

The sum is not claimed to be "due on the mortgage." The facts do not show that the mortgage debt was "note and account," or either. The words "as at the time said mortgage was given," do not necessarily imply that $900 were due on the mortgage then, or that that sum is "due on the mortgage" now; both statements

might be true, and nothing due at the time of the statement, or at the time of the mortgage.

If the statement were wholly false, what remedy has the officer under § 3? The statute is penal, and certainty is required as to the debt due on the mortgage.

"Statement" in the statute implies more than writing down a sum total. The legislature intended to use the word in its technical sense, R. S., c. 1, § 4. To "state" is "to make known specifically, to explain particularly; as, to state an account, or to show the different items in an account."—Bouvier's Dict.

The aggregation of different debts does not meet the requisition of Massachusetts Statutes of 1836, c. 90; *Dictum* of C. J. Shaw in *Johnson* v. *Johnson*, 1 Met. 178. This has not been overruled, *Hills* v. *Farrington*, 3 Allen, 427.

The policy of the law requires full and open accounts of the debt in such cases.

*J. O'Donnell*, for the plaintiff.

BARROWS, J. The statute of 1859, c. 114, § 1, requires every one who claims by virtue of a mortgage any personal property that is attached or seized by an officer on a writ or execution, to give to the officer in writing a notice of his claim, and a statement of the amount actually and justly due to him on the mortgage, at least forty-eight hours before he shall commence any action against the officer therefor; and provides further that the officer or creditor may within that time discharge the mortgage by payment or tender of the amount due thereon, or may restore the property to the debtor or mortgagee.

If the party claiming such property by virtue of a mortgage omits for ten days, after written notice of such attachment given him by the officer, to give the officer such a statement of the amount due on the mortgage, he shall be deemed to have waived his right to hold it under the mortgage.

Section 2 of the same chapter as amended by c. 168 of the laws of 1860. If he makes a false statement of the amount actually and justly due, he forfeits and shall pay to the attaching creditor, under

the provisions of § 3, double the amount of the excess, to be recovered in a special action on the case.

 The statute is to be fairly and liberally construed in furtherance of its object.   It was  designed to prevent the assertion, by a suit involving cost and expense, of an outstanding title, the existence of which was unknown to the officer making the attachment, and the setting up of claims merely colorable and fraudulent, having no just foundation, and to give the officer or attaching creditor an opportunity to  pay the mortgage  debt if  he chose,  or to  release the attachment without being  subjected to cost  for an inadvertent and harmless interference with the rights of the mortgagee.   It was not designed to furnish a defense to an  officer who, having  knowledge of the existence of the mortgage, and of the mortgagee's intention to assert his claim, and such information from the mortgagee as to the amount of the mortgage debt as will enable him or the attaching creditor to discharge it if he thinks it worth while, and to avail himself of any  false statement of the  mortgagee in relation to  it, nevertheless prefers to hazard a  contest, and so knowingly and intentionally denies the right of the mortgagee altogether in the outset, and puts him to the proof.

Yet a substantial performance of the requirements of the statute by the  mortgagee is a  condition precedent to  the  maintenance of his action.   That the  officer knows there is  such a  mortgage on record, and  fortifies himself in  advance with a  bond of indemnity from the creditor, will not  excuse the  neglect of the mortgagee to give the statute notice.   Mortgages are sometimes spread upon the records, or allowed  to remain  undischarged, when nothing is due upon them, for the purpose of preventing an attachment.   The officer must have not only knowledge of the fact that there is such a mortgage in existence, but information from  the mortgagee himself that he has such a claim  upon the property attached, and  coupled with this a statement of the amount actually and justly due, made with such definiteness as shall enable the officer or attaching creditor to  tender the  proper sum  in discharge,  and to  hold the mortgagee for the  penalty, if his statement is  discovered to be  false or exaggerated.

The *pro forma* ruling of the presiding judge that no notice was necessary in this case, was not correct.

But it was purely immaterial if the notice given is found to answer the requirements of the law. We think that a fair construction of the written notice given by the plaintiff to the defendant, May 16, 1868, is that the plaintiff therein makes known to the defendant that he has a mortgage claim upon the property attached to the amount of nine hundred dollars, upon which that sum (and more) is actually due him, and that unless the officer releases the attachment, he shall hold him responsible.

The defendant's counsel objects that it does not state what amount is due, but only that it is "exceeding $900." Doubtless after such a notice, a tender of $900, if the attaching creditor has seen fit to make it, would have relieved the officer from any further claim on the part of the mortgagee, who, not having specified any amount beyond that, would, after tender by the creditor, be estopped from claiming any more by his statement that the goods "are mortgaged to me to secure the payment of nine hundred dollars." To that amount the claim is distinct and certain, and sufficient to enable the officer or creditor to have made a payment or tender which would have discharged the mortgage.

The defendant cannot complain that the mortgagee precluded himself from something which he might have been entitled to had he stated the full amount due him.

A more formidable objection is, that the plaintiff does not say in so many words that this amount is due on the debts secured by the mortgage. But taking the whole notice together, how could it be construed otherwise? We think that is the true construction of the language employed, and that the creditor, if he had paid the $900, and could prove that the claim was false or excessive, could recover, under the provisions of § 3, double the amount wrongfully claimed. If so, all his rights are preserved, and he cannot justly complain that the notice is indefinite in this particular.

Again, it is urged in defense that "the notice gives the sum due, made up of different demands in the aggregate only," and that

"the word statement in the statute implies particulars—explanations—items" of the debt, and certain Massachusetts decisions and dicta are relied on.

But the difficulty here is that our statute only requires of the mortgagee a written "notice of his claim, and a statement of the amount actually and justly due to him on the mortgage," while the Massachusetts statute goes further, and provides that a mortgagee of chattels which are attached " shall, when demanding payment of the money due to him, state in writing a just and true account of the debt or demand for which the property is liable to him." * On the points which the defendant here makes, then, the Massachusetts decisions are plainly not applicable to cases arising under our statute. It may well be that the direct demand of payment, and the more specific " account of the debt or demand " required in Massachusetts would be more serviceable in preventing attempts at fraud, or in furnishing means of detecting them, than our simple notice of claim and statement of amount due ; but it is for the legislature, in the first instance, and not for us to say that they shall constitute conditions precedent to the maintenance of an action by a mortgagee for the taking of his property.

Finally, defendant's counsel complains that the plaintiff in his notice requested the officer to " take " the goods, and then sued him for doing precisely as he himself had requested.

But this curious request must· be construed with the threat of prosecution which accompanies it. We are not persuaded that the plaintiff has thereby brought himself within the scope of the maxim, " volenti non fit injuria."

Looking at the pregnant and suggestive matter that goes with it, the language is not that of invitation, but, on the contrary, it is that of defiance and warning. Upon the whole, we think that the defendant substantially had from the mortgagee all the notice and information to which our statute entitles him,—all that was necessary to the preservation of his rights had he desired to make a tender. He chose not to do this, but to ignore the

---

* See change of phraseology in R. S., 1871, c. 81, §§ 42 and 43.—*Reporter.*

plaintiff's claim entirely, supposing, we presume, that he could procure evidence which would defeat it. Not having succeeded in establishing any valid defense, the entry must now be

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, WALTON, DANFORTH, TAPLEY, JJ., concurred.